UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WENDELL HARRIS,<br><br>Petitioner<br><br>v.<br><br>MARTIN BITER, WARDEN,<br><br>Respondent. | Case No. CV 15-6431-PA (GJS)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR UNTIMELINESS |

On August 24, 2015, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district. The Petition stems from Petitioner's November 29, 1995 convictions for first degree murder, attempted first degree murder, and assault (three counts) (the "State Conviction"). (Petition at 2.) Petitioner alleges that he appealed the State Conviction, but his appeal was unsuccessful and concluded in 1997. (Petition at 2-3.)

Approximately 17 years later, Petitioner commenced seeking state habeas relief with respect to the State Conviction based upon the claims alleged in the Petition. On May 9, 2014, Petitioner filed a habeas petition in the trial court, which was denied on May 29, 2014, on the ground, *inter alia*, that it was untimely. (Petition at 3-4, attached copy of trial court minute order in L.A.S.C. Case No. TA032360.) Six months later, on December 1, 2014, Petitioner filed a habeas petition in the

California Court of Appeal, which was denied on December 8, 2014, without comment or citation to authority. (Petition at 4, attached copy of California Court of Appeal order in Case No. B260359.) In January 2015, Petitioner filed a habeas petition in the California Supreme Court, which was denied on April 22, 2015, on the ground that it was untimely. (Petition at 4, attached copy of California Supreme Court order in Case No. S224267.)[1]

The Petition bears an August 16, 2015 signature date, and the envelope in which it was mailed is postmarked August 17, 2015. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on August 16, 2015. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE PETITION

In Ground One, Petitioner contends that he received ineffective assistance from his trial counsel, who failed to take the necessary procedural steps to sever two counts from two other counts.

In Ground Two, Petitioner contends that he was denied due process and equal protection, as well as his rights under the California Constitution and Penal Code, because the prosecutor knowingly used perjured testimony,

In Ground Three, Petitioner contends that he was deprived of his rights to confront and cross-examine witnesses against him, because the prosecutor propounded cross-examination questions based upon hearsay evidence.

In Ground Four, Petitioner contends that he received ineffective assistance from his appellate counsel, who failed to raise Grounds One through Three on direct

---

[1] The California Supreme Court denied relief summarily by citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998).

appeal, and this deprived Petitioner not only of his Sixth Amendment right to effective appellate counsel but his rights to due process and equal protection as well.

## DISMISSAL APPEARS WARRANTED DUE TO UNTIMELINESS

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). The California Supreme Court denied review on January 14, 1998,[2] and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Accordingly, Petitioner's state conviction became "final" 90 days later, i.e., on April 14, 1998. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, Petitioner had until April 14, 1999, to file a timely federal habeas petition. As the instant Petition was not "filed" until August 16, 2015, it was untimely by over 16 years, absent tolling sufficient to render it timely.

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 122 S. Ct. 2134, 2137-41 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Evans v. Chavis*, 126 S. Ct. 846, 849 (2006) .

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the California Supreme Court dockets available electronically at: appellatecases.courtinfo.ca.gov.

1 Petitioner may not receive any statutory tolling for two reasons. First, he did
2 not begin seeking state habeas relief until after his federal limitations period already
3 had run. Petitioner did not seek post-conviction relief within the meaning of Section
4 2244(d)(2) until early May 2014 – over 15 years after his limitations period already
5 had expired. As a result, neither that initial trial court habeas petition nor any that
6 followed it can serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g.,*
7 *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not
8 file his first state petition until after his eligibility for federal habeas had already
9 elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v.*
10 *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
11 reinitiation of the limitations period that has ended before the state petition was
12 filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition
13 filed "well after the AEDPA statute of limitations ended" did not save federal
14 petition from being untimely).
15 Second, the state courts found Petitioner's habeas petitions to be untimely. As
16 noted above, the trial court expressly denied habeas relief on the ground that the
17 petition was unduly delayed. The California Court of Appeal's silent, summary
18 denial of relief is deemed to rest upon the same ground. *See Ylst v. Nunnemaker*,
19 111 S. Ct. 2590, 2594 (1991); *Cannedy v. Adams*, 706 F.3d 1148, 1157-59 (9th
20 Cir.), *amended by* 733 F.3d 794, *cert. denied*, 134 S. Ct. 1001 (2013). The
21 California Supreme Court denied habeas relief on the ground that the petition was
22 untimely. As a result, none of the time while Petitioner was seeking state habeas
23 relief – from the May 9, 2014 filing of his trial court habeas petition through the
24 April 22, 2015 denial of this California Supreme Court habeas petition – can warrant
25 statutory tolling. *See, e.g., Allen v. Seibert*, 128 S. Ct. 2, 4 (2007) (*per curiam*) ("a
26 state postconviction petition is . . . not 'properly filed' if it was rejected by the state
27 court as untimely"); *Chavis*, 126 S. Ct. at 849-54 (state petitions held to be untimely
28 under California law were not "pending" under Section 2244(d)(2)); *Lakey v.*

*Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011) ("we have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards'") (citation omitted).[3]

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted); *see also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 & n.8 (2005). Both elements must be met. *Id.* at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v.*

---

[3] In addition, the Court questions whether Petitioner would be entitled to continuous tolling for the unexplained six-month gap in time between the denial of his trial court habeas petition and the filing of his California Court of Appeal petition. It is likely that a delay of this length would preclude finding the continuous tolling doctrine applicable. *See, e.g. Chavis*, 126 S. Ct. at 849-51, 853, 854 (cautioning against interpreting California's timeliness requirement in a manner that deviates significantly from the 30 to 60 day periods between state filings that govern in most States); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (inadequately justified 80-day and 91-day delays between state habeas filings were held to be unreasonable and untimely under California law and, thus, to preclude interval tolling for those time gaps); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding unexplained gap of 146 days to be unreasonable); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010)(per curiam) (115-day and 101-day gaps between state habeas filings were held to fall outside the scope of Section 2244(d)(2)'s "pending" requirement, because such delays were unexplained and "substantially longer" than the 30 to 60 days contemplated by *Chavis*).

*Florida*, 127 S. Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner acknowledges that the state courts found his habeas petitions to be delayed, but disputes that he failed to explain his delay. (Petition at 6.) He asserts that he explained his delay through his contention that "Appellate Counsel's incompetence was the reason for the delay." (*Id.* at 6 n.2.) Although Petitioner states that he "will further explain the delay" in the Petition (Petition at 6), he has not done so, other than to allude vaguely to his appellate counsel's "incompetence." This conclusory allusion is patently inadequate to explain and justify Petitioner's 17-year delay between the conclusion of his state appeal and the filing of this action, including the almost four month delay between the California Supreme Court's denial of relief and the filing of the instant Petition. Moreover, given the nature of the habeas claims alleged in the Petition, which rest entirely on the trial record, any putative incompetence on appellate counsel's part to raise these claims in 1997 cannot excuse Petitioner's approximately 16-year delay between the conclusion of his appeal and his first state habeas filing.

But even if, *arguendo*, the equitable tolling doctrine could be found applicable here for some reason that Petitioner could establish, it nonetheless could not render the Petition timely. As of May 9, 2014, when he filed his trial court habeas petition raising his present claims, Petitioner plainly *was not* impeded from pursuing relief, and any equitable tolling necessarily would end as of that date. *See Funtanilla v. Clark*, 394 Fed. Appx. 380, 381 (9th Cir. Sept. 1, 2010) (concluding that, even if the petitioner were entitled to equitable tolling, that entitlement ended once he filed his first state habeas petition, because "he was capable of pursuing habeas relief as of that date"). More than 365 days passed between that May 9, 2014 filing of the trial court habeas petition, and the August 16, 2015 "filing" of the Petition, during which Petitioner's limitations period necessarily expired. Thus, there is no possible equitable tolling available here that could save the Petition from its untimeliness.

In sum, no matter how many assumptions the Court makes in Petitioner's favor (many of which might prove to be unwarranted), it is plain that the Petition is untimely by at least several months, if not (as is substantially more likely) by over 16 years. District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than September 21, 2015, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is untimely, he shall state this concession clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.

DATED: August 26, 2015.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE